# IN THE COURT OF APPEALS OF IOWA

No. 21-0322
Filed March 30, 2022

IN RE THE MARRIAGE OF KIMBERLY DIANE CANNON
AND DOUGLAS JAMES CANNON

Upon the Petition of
KIMBERLY DIANE CANNON,
      Petitioner-Appellee,

And Concerning
DOUGLAS JAMES CANNON,
      Respondent-Appellant.
_____

Appeal from the Iowa District Court for Johnson County, Carl D. Baker, Judge.

The husband appeals the district court's award of temporary spousal support to the wife. **AFFIRMED AS MODIFIED.**

Mark J. Seidl of Seidl & Seidl, P.L.C., Cedar Rapids, for appellant.

Paul K. Waterman and Natalie H. Cronk of Kennedy, Gelner, Cronk & Waterman, Iowa City, for appellee.

Considered by May, P.J., Ahlers, J., and Mullins, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**AHLERS, Judge.**

In this dissolution-of-marriage action, the wife sought temporary spousal support and attorney fees. A hearing was held on the wife's application. As directed by Iowa Code section 598.11(1) (2020), the hearing was conducted based on affidavits from the parties. Following the hearing, the district court ordered the husband to pay $6000 per month in temporary spousal support and $5000 of temporary attorney fees. The husband appeals the temporary spousal support award.

Like the district court, we are hampered by the limited information available from a hearing based solely on affidavits. Here's what we can glean from the affidavits and the court file. The parties have been married since 2001, and they have one adult son. The parties signed a premarital agreement before their marriage. The disclosures attached to the agreement show the husband had substantially greater net worth than the wife. Throughout the marriage, the parties benefited from the generosity of the husband's parents, including being able to take numerous vacations funded, in whole or in part, by the husband's parents. After his father and later his mother passed away, the husband inherited substantial assets in 2017. At the time of the hearing on temporary matters in 2021, the parties' net worth was in the range of $3.2 million (the husband's figure) to $3.7 million (the wife's figure). The net worth primarily consists of investments and other assets the husband received from his parents before and after their deaths.

As for income, the wife worked throughout the marriage and currently has gross annual income of approximately $49,000. There is little dispute that the wife has monthly take home pay of approximately $3500 per month.

The husband has not been steadily employed throughout the marriage, relying largely on investment income and financial assistance from his parents. He traditionally worked as a stagehand, but that work had been severely curtailed due to theater closures caused by the COVID-19 pandemic. Prior to the dissolution action being filed, the husband used a line of credit to borrow money to purchase approximately $574,000 of land in Washington state to operate a campground, which he manages and where he currently resides. He earns a relatively small amount of income from that property.

Much of the dispute on appeal centers around how much the husband makes and how lavish of a lifestyle the wife is entitled to maintain via an award of temporary spousal support. Our task in determining the husband's income is made more challenging by the fact that the district court made no findings as to the husband's income. We are left with the task of determining that income before deciding on an appropriate amount of spousal support.

Determining the husband's income is a challenge. The wife hired an expert who submitted an affidavit asserting that the husband can expect annual investment income of $102,000. The wife's affidavit of financial status estimates the husband's gross annual income from employment to be approximately $67,000, although she provides little support or explanation for this figure. Her figure conflicts with the husband's estimate of employment income of $16,800.

Our review of the temporary spousal support award is de novo. *In re Marriage of Aronow*, No. 05-1749, 2006 WL 3018134, at *1 (Iowa Ct. App. Oct. 25, 2006). This gives us the authority to examine the record and adjudicate rights anew. *Id.* Nevertheless, the district court has considerable latitude, and we will disturb the ruling only when there has been a failure to do equity. *Id.* at *2.

The district court's temporary spousal support award fails to do equity. Even though the parties have enjoyed a fairly unrestrained lifestyle, a temporary spousal support award still needs to be tethered to the parties' incomes, as there are limits on the payor spouse's ability to pay that need to take into account the payor's entitlement to maintain the payor's own standard of living. *See In re Marriage of Hayne*, 334 N.W.2d 347, 351 (Iowa Ct. App. 1983) (noting that a spousal support award should not destroy the right of the party providing the support to enjoy at least a comparable standard of living as well).

Even if we give the wife all benefit of the doubt and accept her estimates of the husband's annual income at $102,000 of investment income and $67,000 of employment income, we still find the temporary spousal support award excessive. A before-tax income of $169,000 for him and $49,000 for her does not justify an award of $72,000 per year ($6000 per month x 12 months) of spousal support, which is paid with after-tax money. *See In re Marriage of Meints*, No. 21-0172, 2022 WL 244433, at *7 (Iowa Ct. App. Jan. 27, 2022) (noting changes to federal income tax laws result in spousal support payments not being deductible by the payor and not being taxable to the recipient); *see also* Iowa Code § 598.21A(1)(g) (listing tax consequences as a factor in determining spousal support). We agree that the wife has a need for some temporary support, but we find her claimed

expenses artificially inflated. For example, her list of monthly expenses includes $1400 for food; $1200 for recreation and entertainment; $1000 for vacation; and $833 for gifts (which does not include donations, as there is a separate category for that). Even if all of her claimed expenses are accurate, the dissolution proceeding may require some belt-tightening by both parties.

After considering the limited record that comes with a temporary support proceeding, the statutory factors, and the equities, we find an award of temporary spousal support of $3000 per month to be the appropriate amount of spousal support. This takes into account the wife's income, the husband's income, the wife's needs in light of the established lifestyle, the marital net worth, the parties' ages, the length of the marriage, the tax consequences, and the contributions of both parties to the marriage.

We modify the district court's order by reducing the husband's temporary spousal support obligation from $6000 per month to $3000 per month. This modification is retroactive so as to modify all amounts that came due under the district court's order as well as all future temporary support obligations. Because we have no way of knowing whether the husband is current on his support obligation, we cannot determine whether this downward modification resulted in an overpayment by the husband. If it has, the district court shall determine an appropriate method for the husband to recoup any overpayment. *See In re Marriage of Houser*, No. 19-1666, 2021 WL 1016923, at *2 n.1 (Iowa Ct. App. Mar. 17, 2021) (finding it appropriate to allow the district court to establish the best method for determining how to recover an overpayment after a downward modification of a spousal support award). As this is a temporary spousal support

award, the options available to the district court in determining an appropriate method for recoupment of any overpayment include waiting to equitably account for the overpayment in the final disposition of the case. Costs on appeal are assessed to the wife.

**AFFIRMED AS MODIFIED.**